NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| AMANDA SELBY & JASON SELBY, as Parents and Natural Guardians of W.S., a Minor, and Individually in their own right,<br><br>Plaintiffs,<br><br>v.<br><br>INSPIRA MEDICAL CENTERS, INC., *et al.*,<br><br>Defendants. | No. 18-9675 (RBK/JS)<br><br>**OPINION** |

**KUGLER**, United States District Judge:

**THIS MATTER** comes before the Court by way of Plaintiffs' Motion for Voluntary Dismissal of this case, without prejudice, pursuant to Federal Rule of Civil Procedure 41(a)(2). [Doc. No. 20]. Defendants oppose the motion and argue that substantial prejudice will result. [Doc. Nos. 21, 22]. For the reasons expressed below, Plaintiffs' Motion is **GRANTED**.

I. BACKGROUND

This is a medical malpractice case involving the birth of W.S., a now-four-year-old minor plaintiff. The case, having first been filed in the Superior Court of New Jersey on April 9, 2018, arrived before this Court by way of removal. Not. Rem'l [Doc. No. 1].

At this point in the litigation, Defendants have only served answers with third party claims, but no written discovery has been answered, nor have any depositions taken place. Pls. Mot. Vol. Dismissal [Doc. No. 20] at 2. Following a scheduling conference with Magistrate Judge Schneider, the Court ordered Plaintiffs to file the instant motion to dismiss without

prejudice and further stayed Plaintiffs' complaint pending further Order of the Court. Scheduling Order. [Doc. No. 19].

On July 31, 2018, Plaintiffs timely filed the instant motion seeking to voluntarily dismiss the complaint without prejudice. [Doc. No. 20]. In their motion, Plaintiffs explained that they seek to dismiss the case "in order to file a more narrow, targeted case in state court." *Id.* Subsequently, on December 18, 2018, Plaintiffs filed a letter addressing their Voluntary Motion to Dismiss. Pls. Letter [Doc No. 25]. In this letter, Plaintiffs inform the Court that they intend to cure any deficiencies within the complaint but now wish to re-file this action in federal court. *Id.*

## II.  DISCUSSION

Under Rule 41(a)(2), "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper . . . . Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice." Fed.R.Civ.P. 41(a)(2). Whether a Rule 41(a)(2) dismissal should be granted is within the sound discretion of the court. *Quality Improvement Consultants, Inc. v. Williams,* 129 Fed. App'x 719, 722 (3d Cir.2005) (citing *Ferguson v. Eakle,* 492 F.2d 26, 28 (3d Cir.1974)). "Generally, a motion for dismissal should not be denied absent substantial prejudice to the defendant." *Sporn v. Ocean Colony Condo. Ass'n,* 173 F.Supp.2d 244, 255 (D.N.J.2001) (internal quotation marks omitted).

Courts in this district have considered a variety of factors when ruling on a motion to voluntarily dismiss under Rule 41, including, "(1) the expense of a second litigation; (2) the effort and expense incurred by defendant in preparing for trial in the current case; (3) the extent to which the case is progressing; and (4) plaintiff's diligence in bringing the motion to dismiss." *Assadourian v. Harb,* No. 06–896, 2009 WL 2424704, at *2 (D.N.J. Aug.6, 2009) (citing *Sporn,*

173 F.Supp.2d at 255). Additionally, Rule 41 motions "should be allowed unless defendant will suffer some prejudice other than the mere prospect of a second lawsuit." *In re Paoli R.R. Yard PCB Litig.,* 916 F.2d 829, 863 (3d Cir.1990); *see also Environ Prods. ., Inc. v. Total Containment, Inc.,* No. 94–7118, 1995 WL 459003, at *5 (E.D.Pa. July 31, 1995) ("Plain legal prejudice simply does not result . . . when plaintiff may gain some tactical advantage by a voluntary dismissal.") (citing *In Re Paoli,* 916 F.2d at 863).

Here, all four *Sporn* factors weigh in favor of Plaintiffs' request for dismissal. Most obviously, litigation is at an early stage: discovery has not been conducted, and the Court's June 28, 2018 Scheduling Order has stayed the Plaintiffs' complaint. [Doc. No. 19]. This indicates that the Defendants have not expended great financial resources in preparation for trial. In addition, Plaintiffs diligently filed the present motion consistent with the June 28 Scheduling Order. Finally, Defendants do not indicate in any convincing way that prejudice will result in Plaintiffs' dismissing their claims.

This Court further rejects the Defendants' argument that Plaintiffs must provide the Court with additional information within their Rule 41 motion. Neither the Federal Rules nor the cases cited by the Defendants support this argument. In fact, the Rule at issue highlights the Court's broad discretion. *See* Fed. R. Civ. P. 41(a)(2) ("[A]n action may be dismissed at the plaintiff's request only by court order, on terms that the court consider *proper*.") (emphasis added). In addition to weighing the four factors above, courts will consider a plaintiff's explanation for wanting to voluntary dismiss a claim. Here, Plaintiffs explained that they wished to cure their claim and file a more narrow, targeted action in state court. Pls. Mot. at 2. This explanation appears wholly consistent with Federal Rule 41.

Finally, the Plaintiffs' subsequent letter explaining a new desire to re-file in federal court

does not change this Court's decision to grant the motion for voluntary dismissal. Again, this Court's analysis is the same, and Plaintiffs satisfy the four factor *Sporn* test because of the early stage of the litigation and the lack of resources expended in anticipation of trial. In this more recent letter, Plaintiffs affirm their desire to cure deficiencies within the original complaint. Pls. Letter [Doc. No. 25]. Relatedly, the Plaintiffs' revelation that they wish to remain in federal court undercuts any fleeting arguments that the voluntary dismissal is a disingenuous attempt to forum shop.

### III. CONCLUSION

For the reasons outlines above, the Court **GRANTS** Plaintiffs' motion for voluntary dismissal. An appropriate Order shall issue.

Dated: 12/19/2018                                                  s/ Robert B. Kugler
ROBERT B. KUGLER
United States District Judge