IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| AMANDA SELBY & JASON SELBY, as Parents and Natural Guardians of W.S., a Minor, and Individually in their own right, | Civil No. 18-9675 (RBK/JS) |
| Plaintiffs, | **OPINION** |
| v. | |
| INSPIRA MEDICAL CENTERS, INC., *et al.*, | |
| Defendants. | |

**KUGLER**, United States District Judge:

This matter comes before the Court upon Defendants' Motion to Vacate (Doc. 30) this Court's Order from December 19, 2018 that dismissed this case (Doc. 28). For the reasons expressed herein, Defendants' motion is DENIED.

**I.    BACKGROUND**

This is a medical malpractice case involving the birth of W.S., a now six-year-old minor plaintiff. The case, having first been filed in the Superior Court of New Jersey on April 9, 2018, arrived before this Court by way of removal. On July 31, 2018, while this case was still in its early stages, Plaintiffs filed a motion to voluntarily dismiss the complaint without prejudice, pursuant to Federal Rule of Civil Procedure 41(a)(2). (Doc. 20). This Court granted Plaintiffs' motion and dismissed the Complaint without prejudice on December 19, 2018. (Doc. 28.)

Defendants now request that the Court reopen the case and vacate its prior Order of dismissal under Federal Rule of Civil Procedure 60(b). Defendants argue that, when seeking voluntary dismissal, Plaintiffs had represented that they were going to exhaust administrative

1

remedies, cure any deficiencies in their claims, and then re-file their case in federal court. (Doc. 30 at 3.) Despite this alleged representation, however, Plaintiffs instead filed an action in state court on March 21, 2019. (*Id*. at 4.) Defendants argue that this "forum shopping" has prejudiced their ability to fairly litigate, because they may not file crossclaims against certain federal parties in the state court. (*Id*. at 4–6.) Defendants contend that, to bring these crossclaims, they would be unjustly required to expend resources in removing Plaintiffs' new case to federal court. (*Id*.) Defendants thus request that this case be reopened and the dismissal Order vacated, so that litigation can take place in federal court as they originally expected. (*Id*.)

## II. LEGAL STANDARD

A court's ability to relieve a party from a final judgment is governed by Federal Rules of Civil Procedure 60(b) and (c). A party may seek relief under 60(b)(6) only when relief under 60(b)(1)-(5) is unavailable.[1] *See Howard Int'l, Inc. v. Cupola Enters.*, *LLC*, Civ. No. 01-1205, 2006 WL 625210 at *1 (D.N.J. Mar. 10, 2006) (citing *Stradley v. Cortez*, 518 F.2d 488, 493–94 (3d Cir. 1975)). In addition, a party pursuing 60(b)(6) relief bears the heavy burden of demonstrating the existence of "extraordinary circumstances" that would justify reopening the judgment. *See Budget Blinds, Inc. v. White*, 536 F.3d 244, 255 (3d Cir. 2008). In this Circuit, "'[a] healthy respect for the finality of judgments demands no less' than this stringent showing."

---

[1] A party may seek 60(b) relief for the following reasons:

    (1) mistake, inadvertence, surprise, or excusable neglect;
    (2) newly discovered evidence . . . ;
    (3) fraud . . . misrepresentation, or misconduct by an opposing party;
    (4) the judgment is void;
    (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
    (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). With respect to Rule 60(b) motions asserted under subsections (1)-(3), such motions must be filed within one year after entry of the judgment order or the date of the proceeding in question. Fed. R. Civ. P. 60(c)(1). All other motions asserted under this rule must be made "within a reasonable time." *Id*.

*Marshall v. Bd. of Ed. Bergenfield N.J.*, 575 F.2d 417, 426 n. 28 (3d Cir. 1978) (quoting *Mayberry v. Maroney*, 558 F.2d 1159, 1163 (3d Cir. 1977)); *see also Martinez-McBean v. Gov't of V.I.*, 562 F.2d 908, 913 (3d Cir. 1977) (finding that there must be sufficient evidence of circumstances so extraordinary that the court's overriding interest in the finality of judgments can be properly overcome). Establishing extraordinary circumstances therefore requires the moving party to show that, without relief from judgment, "an extreme and unexpected hardship will result." *See Budget Blinds*, 536 F.3d at 255. "[E]xtraordinary circumstances rarely exist when a party seeks relief from a judgment that resulted from the party's deliberate choices." *Id.*, 536 F.3d at 255. Finally, a party's 60(b)(6) motion "must be fully substantiated by adequate proof and its exceptional character must be clearly established." *Muhammad v. New Jersey*, Civ. No. 10-213, 2012 WL 4191915 at *3 (D.N.J. Sept. 18, 2012) (quoting *FDIC v. Alker*, 234 F.2d 113, 116–17 (3d Cir.1956)).

### III. DISCUSSION

Defendants' arguments for reopening this case do not meet the burden imposed by Rule 60. Defendants' request primarily rests on their assertion that Plaintiffs made "express promises" to re-file the case in federal, not state, court. (Doc. 30 at 6.) Defendants assert that this Court relied on those promises when it allowed Plaintiffs to voluntarily dismiss their Complaint. (*Id.*) This is incorrect.

This Court's Opinion (Doc. 27) from December 19, 2018 examined the Plaintiff's request for voluntary dismissal under Rule 41(a)(2). After analyzing the four *Sporn* factors governing such requests, this Court found that all four factors weighed in favor of dismissal. (Doc. 27 at 3.) Specifically, it found that Defendants had not "expended great financial resources in preparation for trial," as litigation was at an early stage, discovery was not conducted, and the complaint had already been stayed. (*Id.*) Further, Defendants had failed to indicate that prejudice would result as

a result of dismissal. (*Id*.) Finally, directly contradicting Defendants' arguments in their present motion to reopen, the Opinion stated: "Plaintiffs explained that they wished to cure their claim and file a more narrow, targeted action in *state court*. This explanation appears wholly consistent with Federal Rule 41." (*Id*.) (emphasis added.) The Court did note that Plaintiffs had subsequently indicated that they would re-file in federal, not state, court, but it is readily apparent from the Opinion that the grant of voluntary dismissal was not conditioned upon re-filing in federal court. (*Id*. at 3–4.)

Defendants' motion is even less persuasive when considering that the state court action they complain of has already been removed to federal court, and is presently docketed in this Court at 19-21319.[2] Defendants have provided the Court with no rationale as to why this newer federal suit is insufficient, and why this specific case must be reopened. Defendants are again reminded that voluntary dismissal under Rule 41 "should be allowed unless defendant will suffer some prejudice other than the mere prospect of a second lawsuit." *In re Paoli R.R. Yard PCB Litig.,* 916 F.2d 829, 863 (3d Cir. 1990); *see also Environ Prods., Inc. v. Total Containment, Inc.*, Civ. No. 94-7118, 1995 WL 459003, at 5 (E.D. Pa. 1995) ("Plain legal prejudice simply does not result . . . when plaintiff may gain some tactical advantage by a voluntary dismissal.") (citing *In re Paoli*, 916 F.2d at 863).

Even assuming the voluntary dismissal here was a final judgment,[3] Defendants fail to establish that extraordinary circumstances exist simply because Plaintiffs filed a second lawsuit in

---

[2] This new case, *Selby v. Fockler*, docketed at 19-21319, was removed to federal court from the Superior Court of New Jersey on December 12, 2019. Further, the United States appears in this case as a Third-Party Defendant against whom crossclaims have been brought. (Doc. 2-2.)

[3] *See Sciore v. Phung*, Civ. No. 18-13220, 2019 WL 4126651, at *2 (D.N.J. Aug. 30, 2019) (declining to answer whether a plaintiff's voluntary dismissal "constitutes a final judgment, order, or proceeding required by Rule 60(b), but finding that "[e]ven if a voluntary dismissal under Rule 41(a)(1)(A)(i) does satisfy the 'final judgment, order, or proceeding' requirement of Rule 60(b)," the moving party had not met their burden under 60(b) to properly vacate the dismissal); *see also Kean v. Adler*, 65 F. App'x 408, 415 (3d Cir. 2003) (referring to grants of voluntary dismissal without prejudice under Rule 41(a)(2) as "mere procedural rulings, not final judgments on the merits").

state court—which is now being litigated in federal court—or that an "extreme and unexpected hardship will result" if this case were not reopened. *See Budget Blinds*, 536 F.3d at 255.

## IV.　CONCLUSION

Defendants have failed to show how Rule 60(b) supports vacating the December 19, 2018 Order that dismissed this case. Thus, for the reasons expressed above, Defendants' motion to reopen the case is DENIED. An accompanying Order shall issue.


Dated:　2/04/2020　　　　　　　　　　　　　　　　　　　　　　　s/ Robert B. Kugler
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　ROBERT B. KUGLER
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge